| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Richard G. Heston; SBN: 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine CA 92612-2528<br>949-222-1041<br>949-222-1043 fax<br>rheston@hestonlaw.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Movant | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>HARVEY GORDON BRANDE<br><br><br><br><br>Debtor(s). | CASE NO.:  6:15-bk-21939-MH<br>CHAPTER:  7 |
|---|---|
| | **NOTICE OF MOTION FOR ORDER WITHOUT A HEARING**<br><br>**[LBR 9013-1(p) or (q)]** |
| | [No hearing required] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Debtor HARVEY GORDOEN BRANDE, by Robert Allen Carter, Successor Trustee</u>, filed a motion or application (Motion) entitled <u>Motion for Order Reopening Closed Case to File Motions to Avoid Judicial Liens Under 11 U.S.C. Section 522(f)</u>.

2. Movant(s) requests that the court grant the motion without a hearing as provided for in:

   ☐ LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on additional parties as specified in LBR _____; or

   ☒ LBR 9013-1(q), which requires service of the motion only on parties via Notice of Electronic Filing.

3. The motion is based upon the legal and factual grounds set forth in the motion. (*Check appropriate box below*):

   ☒ The full motion is attached to this notice; or

   ☐ The full motion was filed with the court as docket entry # ____, and a detailed description of the relief sought is attached to this notice.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                                    Page 1                                              F 9013-1.2.NO.HEARING.NOTICE

4. Movant will promptly lodge an order that the court may use to rule on the motion, as the court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing,.

Respectfully submitted,

Date: 01/17/2023

_____
Signature of Movant or attorney for Movant

RICHARD G. HESTON
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 2                    F 9013-1.2.NO.HEARING.NOTICE

RICHARD G. HESTON, Bar No. 90738
HALLI B. HESTON, Bar No. 90737
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
(951) 290-2827
(949) 222-1043 Fax
rheston@hestonlaw.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

In re;

HARVEY GORDON BRANDE,

Debtor.

Case No: 6:15-bk-21939-MH

Chapter 7

**NOTICE OF MOTION AND MOTION FOR ORDER REOPENING CLOSED CASE TO FILE MOTIONS TO AVOID JUDICIAL LIENS UNDER 11 U.S.C. §522(f); DECLARATION OF ROBERT ALLEN CARTER**

[No Hearing Unless Ordered by Court]

TO THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that Robert Allen Carter, as Successor Trustee to HARVEY GORDON BRANDE, Debtor in the above-captioned case, hereby moves this Court for an order, without a hearing, reopening this case so that Debtors may file two motions to avoid a judicial liens on Debtor's real property or the proceeds from the sale of his real property.

Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the grant of such an order may file and serve a written objection with the Clerk of the United State Bankruptcy Court located at 3420 Twelfth Street, Riverside, CA 92501, and request a hearing on this motion, and

1

NOTICE AND MOTION FOR ORDER REOPENING CASE TO AVOID LIEN

serve a copy of their objection and request on the attorney for the Debtor at the address indicated above. If you fail to file a written response within 14 days of the date of service of this notice, the court may treat such failure as a waiver of your right to oppose this motion and may grant the relief requested herein.

## SUMMARY OF BASIS OF MOTION

1. The Debtor, HARVEY GORDON BRANDE, commenced this voluntary Chapter 7 case on December 12, 2015, and was granted a discharge on March 28, 2016. The case was closed on March 29, 2016.

2. At the time of filing of the petition, UNIFUND CCR PARTNERS, a New York Partnership ("UNIFUND") held two (2) judicial liens which encumbered Debtor's residence located at 970 Canyon Road, Fawnskin, CA 92333 ("the Property"). In his petition, Debtor estimated the value of the Property to be $165,000 and Movant has obtained a retrospective appraisal which shows the value of the Property to have been $165,000.

3. At the time of the filing of the petition, the Property had no existing liens or encumbrances. In Debtor's Schedule C, he claimed a homestead exemption in the Property in the amount of $165,000 pursuant to California Code of Civil Procedure §704.730. No objection to claim of exemption was made and it was allowed by passage of time.

4. As there did not exist at the time of the filing of the petition any equity in the Property beyond Debtor's homestead exemption, the judicial liens of UNIFUND was avoidable pursuant to 11 U.S.C. § 522(f).

5. On November 1, 2016, Debtor created the Harvey Gordon Brande Trust ("the Brande Trust"), which was executed on that date. Under the terms of the Brande Trust, ROBERT ALLEN

CARTER was designated as successor trustee in the event that upon the death of Debtor, the initially designated trustee, Robert Joseph Stangle, was unable or unwilling to serve.

6. On August 7, 2021, Debtor died. As the initially designated successor trustee, Robert Joseph Stangle, had predeceased the trustor, Movant ROBERT ALLEN CARTER has been serving as the successor trustee for the Brande Trust.

7. The Property was sold on October 11, 2022, and the net proceeds of sale are being held at Orange Coast Title, pending determination the status of the judicial liens of UNIFUND.

8. As the representative of Debtor's decedent estate, Movant now wishes to reopen the bankruptcy case so that a motion can be filed pursuant to 11 U.S.C. § 522(f) to avoid the judicial lien of UNIFUND on the proceeds of the sale of the Property.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### A CASE WHICH HAS BEEN CLOSED MAY BE RE-OPENED IN ORDER TO ACCORD RELIEF TO THE DEBTOR.

11 U.S.C §350 provides as follows:

*"(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.*
*(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."*

### II.

### MOTIONS TO REOPEN CLOSED BANKRUPTCY CASES SHOULD BE ROUTINELY GRANTED IN ORDER TO ACCORD RELIEF TO THE DEBTOR.

"A case may be reopened to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter. In re Menk, 241 B.R. 896, 913 (9th Cir. BAP 1999). Because a case must necessarily be reopened to consider the underlying request for relief, a motion to reopen is granted routinely. See In re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992). Case reopening, by itself,

HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

Main Document    Page 6 of 12

lacks independent legal significance and determines nothing with respect to the merits of the case. Menk, 241 B.R. at 913. LBR 5010-1(e) permits a motion to reopen to be considered ex parte."

In re Zapata, 9:10-bk-14200-RR, at *1 (B.A.P. 9th Cir. Apr. 6, 2011)

Section 522(f) of the Bankruptcy Code gave the debtor the ability to avoid a judicial lien to the extent that the lien impairs his exemptions. However, in order for the Debtor's decedent estate to avail of the benefits of this section, it is necessary for the Debtor's closed case to be reopened so that the appropriate motion can be made. Relief will be accorded to the Debtor's decedent estate if and when it is able to avoid the judicial lien which encumbered the Property.

### III.

### A CASE MAY BE REOPENED TO ALLOW THE DEBTOR TO AVOID LIENS.

A bankruptcy court's authority to reopen a closed case to afford debtors the opportunity to avoid liens pursuant to Bankruptcy Code §522(f) has been recognized by the courts of the Ninth Circuit. The court held in In re Yazzie, 24 B.R. 576, 577 (9th Cir. 1982) that, *"In the absence of prejudice to creditors, ... neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. 522(f)(2)."* In In re Ricks, 89 B.R. 73, 75 (9th Cir. BAP 1988), the court concluded that the key factor in allowing the late avoidance of a lien pursuant to §522(f) is whether the creditor is sufficiently prejudiced so that it would be inequitable to allow avoidance of the lien. Quoting In re Quackenbros, 71 B.R. 693, 695 (Bankr. E.D. Pa 1987), the Ricks court stated the rationale for its conclusion that:

> *"(1) the absence of any deadline in the Code or the Bankruptcy Rules for initiating a lien avoidance proceeding under §522(f), especially when contrasted with 11 U.S.C. §546(d); (2) the text of 11 U.S.C.§350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance, subject to the bar of laches; (4) the fresh start policy of the Code which encourages the full application of the Code's exemption provisions; and (5) the interpretation of the right to avoid liens under § 522(f) as a 'personal' right of the debtor which exists independent of case administration."*

4
NOTICE AND MOTION FOR ORDER REOPENING CASE TO AVOID LIEN

The Ninth Circuit Court of Appeals followed this rationale in <u>In re Chabot</u>, 992 F.2d 891, 893 (9th Cir. 1993) where it held the debtor's delay in bringing a lien avoidance action is not sufficient to cause prejudice to the creditor.

## IV.

## A JUDICIAL LIEN MAY BE AVOIDED ON THE PROCEEDS OF THE SALE OF THE EXEMPT PROPERTY.

In the Ninth Circuit, it has long been held that if a lien was avoidable on the date of commencement of the bankruptcy proceeding, the fact that the exempt property, including real estate, has been subsequently sold, the judgment lien may nevertheless be avoided on the proceeds of the sale if being held in escrow or trust for that purpose. See In re Chiu, 304 F.3d 905 (2002). In Chiu, the subject property had already been sold and title had vested in the purchasers. Arguing that such transfer extinguished the debtors' right to file a motion to avoid a judicial lien, the lien creditor asserted that the sale rendered the motion moot. As the court observed,

> "The Supreme Court interpreted § 522(f)(1) in [Farrey v. Sanderfoot, 500 U.S. 291, 297-98, 111 S.Ct. 1825, 1829-30, 114 L.Ed.2d 337 (1991)] as requiring that the debtor already have an interest in the property at the time that the lien attached. 500 U.S. at 299. The Court explained that § 522(f)(1) permits the avoidance of the "fixing of a lien on an interest of a debtor" only if the "fixing" took place after the debtor acquired its interest. Id.
>
> "The Court found the critical inquiry to be whether the debtor possessed the interest to which the lien fixed, before it fixed. Id. The application of the time-of-fixing rule to this case is most consistent with Farrey. We therefore agree with Vincent that the debtor need not have an interest in the property at the time it moves to avoid[.]"

Accordingly, the fact that the Property has been sold to a third-party purchaser is not relevant to the issue of whether UNIFUND's judgment liens were avoidable at the time of the filing of the petition and the subsequent sale does not render the matter moot.

## V.

## THE COURT MAY DETERMINE A MOTION TO REOPEN A CLOSED CASE PURSUANT TO LOCAL RULE 9013-1(o).

Bankruptcy Code §102(1)(B) provides that the phrase "after notice and a hearing" authorizes an act without an actual hearing if a hearing is not requested timely by a party in interest. Local Rule 9013-1(o) provides the procedure for giving such notice in routine motions where objections to the granting of such motions are rare. A motion to reopen a closed case is such a motion.

## VI.

## DEBTOR'S DEATH DOES NOT EXTINGUISH THE POWERS HE COULD HAVE EXERCISED UNDER SECTION 522(f).

A debtor's right to claim a homestead exemption is determined on the date of the filing of the petition. The subsequent death of the debtor while the case is pending does not affect the validity of the exemption. See In re Combs, 166 B.R. 417, 421 (Bankr. N.D. Cal. 1994), where the court observed,

> "Because the Debtor's right to claim a homestead exemption is generally fixed upon the date the chapter 7 petition is filed, the Debtor's post-petition death does not affect his right to claim a declared homestead exemption under California law. The Trustee's objection to the Debtor's claimed homestead exemption is over-ruled."

Moreover, the death of a debtor subsequent to the case commencement generally does not affect the powers to administer the case notwithstanding, to the extent possible. See In re Irwin, No. 04-19318-A-7, DC No. SPD-3, SPD-4, at *6 (Bankr. E.D. Cal. June 29, 2005), holding,

> "Fed.R.Bankr.P. Rule 1016 provides that death of the debtor does not abate a chapter 7 case and the remainder of the case should be administered, so far as possible, as though the death had not occurred. A strict reading of Rule 1016 would lead to a conclusion that "when a chapter 7 debtor dies, no procedural measures are necessary in the bankruptcy case itself." Hawkins v. Eads, 135 B.R. 380 (Bankr. E.D. Cal., 1991)."

## CONCLUSION

Wherefore, it is respectfully submitted that the Debtor's closed Chapter 7 case should be reopened in order for the Debtor's decedent estate to file a motion to avoid the judicial lien encumbering the Property pursuant to 11 U.S.C. §522(f).

Dated: 1/17/23

HESTON & HESTON
Attorneys at Law

By: RICHARD G. HESTON
Attorneys for Debtor

HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

7
NOTICE AND MOTION FOR ORDER REOPENING CASE TO AVOID LIEN

## DECLARATION OF ROBERT CARTER

I, Robert Carter, declare as follows:

1. I am the Successor Trustee of the Debtor in the above referenced bankruptcy proceeding. I have personal knowledge of all matters stated herein and I could competently testify thereto.

2. Debtor HARVEY GORDON BRANDE commenced this proceeding with the filing of a voluntary Chapter 7 petition on December 12, 2015. Debtor was granted a discharge on March 28, 2016, and the case was closed on March 29, 2016.

3. At the time of filing, Debtor held title to his residence located at 970 Canyon Rd., Fawnskin, CA 92333 ("the Resince") in the Harvey Gordon Brande and Joan Mary Brande Revocable Living Trust ("Trust #1"). Joan Mary Brande had died on December 12, 2013. Subsequent to discharge being issued and the case closed, Debtor revoked Trust #1 and established the Harvey Gordon Brande Trust On November 1, 2016, into which he transferred the Residence.

4. Two (2) Abstracts of Judgment from the San Bernardino County Superior Court in the matters of UNIFUND CCR PARTNERS, a New York Partnership vs. HARVEY BRANDE (No. VCIVS041321) and UNIFUND CCR PARTNERS vs. HARVEY BRANDE (No. BBCH500913) had been recorded at the San Bernardino County Recorder on July 31, 2006 and September 6, 2006 respectively, and subsequently renewed on September 16, 2015, and attached to the Residence.

5. At the time of Debtor's filing of the petition on December 15, 2015, the Residence had no existing liens or encumbrances. In Debtor's Schedule C, he claimed a homestead exemption in the Residence in the amount of $165,000 pursuant to California Code of Civil Procedure §704.730. No objection to claim of exemption was made and it was allowed by passage of time.

6. As there exist no equity at the time of the filing in the Residence beyond the homestead exemption, the judicial liens were avoidable pursuant to 11 U.S.C. §522(f). Reopening of the case is now sought to file such motions with respect to the proceeds of the sale of the Residence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 01-10-2023

_____
Robert Carter, Successor Trustee

HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, California 92612
Telephone: (949) 222-1041
Fax: (949) 222-1043

9
NOTICE AND MOTION FOR ORDER REOPENING CASE TO AVOID LIEN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion for Order Reopening Closed Case to File Motions to Avoid Judicial Liens Under 11 U.S.C. §522(f); Declaration of Robert Allen Carter** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1/17/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Helen R. Frazer (TR)**    hfrazertrustee@gmail.com, mbuenaventura@aalrr.com;C112@ecfcbis.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 1/17/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**
Honorable Mark. D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 325 / Courtroom 301
Riverside, CA 92501-3819

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/17/2023 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE